IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD NELSON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 07-00281-CG-N |
| ) | CIVIL NO. 17-00391-CG |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Richard Nelson's Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255 and Petitioner's Response to the Court's Order to Show Cause. (Docs. 130 and 132). The motion has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* S.D. Ala. GenLR 72(b); (case docket, 08/29/2017 electronic reference).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered an Order directing Petitioner to respond as to why his § 2255 petition should not be dismissed as untimely. (Doc. 131). Petitioner filed a timely response. (Doc. 132).

1

Having reviewed the record and Petitioner's response (Doc. 132), the undersigned finds that an evidentiary hearing is not warranted, and **RECOMMENDS** that his motion pursuant to § 2255 (Doc. 130) be **DISMISSED** as time barred. The undersigned further finds that Petitioner is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.

## BACKGROUND

Following a jury trial held July 14-15, 2008, Petitioner was found guilty of enticement of a minor to engage in sexual activity and commission of a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. §§ 2422(b) and 2260A. On October 24, 2008, Petitioner was sentenced to 525 months in the custody of the Bureau of Prisons. (Doc. 84). The same day, Petitioner filed a Notice of Appeal (Doc. 79) and on July 13, 2009, the Court of Appeals for the Eleventh Circuit affirmed his convictions. (Doc. 107). On October 15, 2009, the United States Supreme Court denied certiorari. (Doc. 108).

On July 1, 2013, Petitioner filed a "motion for leave to file out of time," which the district court denied via an endorsed order. (Docs. 114-115). Petitioner appealed the order denying his motion and on March 5, 2014 the Court of Appeals concluded that Petitioner's appeal was frivolous, explaining:

> In 201[3], Nelson filed the motion at issue in this appeal. In this self-styled "motion for leave to file out of time," Nelson asked the district court for leave to file out of time, on the grounds that he had only recently learned how to use computers to conduct legal research and had limited computer time. He did not state what sort of motion or other filing he sought to untimely file, but, based on the nature of the issues that he indicated he wished to raise ineffective assistance of counsel, pretrial publicity, and conflict of interest-he apparently intended to file an untimely 28 U.S.C. § 2255 motion to vacate. He also

> asked the court to issue subpoenas for the press coverage of his criminal trial from two local news sources. In an endorsed order, the court denied his self-styled motion. The district court also denied his motion to proceed IFP on appeal.
>
> As an initial matter, Nelson has not filed a motion to vacate, pursuant to § 2255, and does not need a certificate of appealability to proceed on appeal. *See* 28 U.S.C. § 2253(c). Thus, the only issue before us is whether his appeal would be frivolous. *See id.* § 1915(e)(2)(8)(1). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).
>
> Although Nelson admits that any post-conviction motion he might file would be untimely, the district court properly denied his request to untimely file a motion challenging his convictions because he does not need the district court's permission to file a motion to vacate, untimely or otherwise.

(Doc. 125 at 2). In August 2017, nearly seven years after his conviction became final, Petitioner filed his first motion pursuant to § 2255.

## DISCUSSION

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Petitioner's conviction became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Petitioner asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Petitioner, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final on October 15, 2009, when the United States Supreme Court denied certiorari. Thus, Petitioner's statute of limitations

3

pursuant to § 2255(f) expired October 15, 2010. Petitioner's § 2255 motion was filed in August 2017, nearly seven years beyond the expiration of the § 2255(f)(1) limitation period. On October 2, 2017, the undersigned entered a show cause order, indicating that the § 2255 motion appeared to be untimely and providing Petitioner with an opportunity to address the untimeliness of the motion. (Doc. 131).

Neither the contents of the § 2255 motion nor Petitioner's response to the Court's show cause order indicate that the circumstances set forth in § 2255(f)(2)-(3) apply here.[1] Based on the contents of Petitioner's response to the Court's show cause order, the undersigned will address both equitable tolling and § 2255(f)(4). (Doc. 132).[2] However, as Petitioner is not entitled to equitable tolling, and has not made a showing of actual innocence, the limitations period set forth in § 2255(f)(1) controls and the undersigned **RECOMMENDS** that his motion pursuant to § 2255 be **DISMISSED** as time barred.

A.  **Equitable Tolling**

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal

---

[1] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States*, 522 F. App'x. 556, 558 (11th Cir. June 17, 2013), citing *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).
[2]

4

quotations omitted); *see Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied sparingly.... [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)); *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter,* 587 F.3d at 1308. "To establish diligence, ... [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004).

As grounds for equitable tolling, Petitioner states that he is not well versed in the law, that he has recently learned to use the law library computers, and that he lacked access to legal resources while in prison and during transfers (Doc. 132 at 2, 4-6). Petitioner also admits, "…I will not lie and tell you I've not had some 'free' time to work on my case." (Doc. 132 at 5).

The Court of Appeals for the Eleventh Circuit has held that routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary." *See Akins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir. 2000)(holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in

5

lockdown situation); *see also, Dodd,* 365 F.3d at 1282–83 (finding that equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances')(citing *Akins,* 204 F.3d at 1089–90). Further, neither miscalculation of the limitations period, nor ignorance of the law, constitutes an extraordinary circumstance that would justify equitably tolling of the statute of limitations. *See e.g., Miller v. Florida,* 307 F. App'x. 366 (11th Cir.2009) (lack of education); *Wainwright v. Secretary, Dept. of Corrections,* 537 F.3d 1282, 1286 (11th Cir.2007) (legal confusion). Upon consideration, the grounds cited by Petitioner do not satisfy his burden with regard to extraordinary circumstances and diligence such that equitable tolling is warranted.

### B.    Applicability of 28 U.S.C. § 2255(f)(4)

Though the limitations period was not addressed in Petitioner's § 2255 motion, his response to the Court's Show Cause Order states:

> Movant has also included with his response, the lack of knowledge of information that is within his presentence report, until a few months ago. When Movant and his appointed appellate attorney was presented in court with the presentence report, Movant was not afforded a proper amount of time to which he could view the presentence report in its entirety. If Movant would have been afforded the time, whether in court or in a holding cell, Movant could have pointed out the areas which were (and still) incorrect. Therefore, Movant feels that the incorrect information within said presentence report could have had the influence for a return of guilty from the jurors as well as the Court being prejudice[d] against Movant due to the type of crime.

(Doc. 132 at 2).³ Section § 2255(f)(4) states that a one year limitation period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

To the extent Petitioner's above quoted claim pertaining to his pre-sentence investigation report could be construed as an argument that the § 2255(f)(4) limitations period should apply, the Court finds that through the exercise of due diligence, Petitioner could have obtained this information prior to the expiration of the § 2255(f)(1) limitations period. Petitioner admits he was aware of the presentence investigation report near the time of trial and sentencing. Thus, if he believed he had insufficient time to review it, he could have made efforts to obtain a copy before the limitations period expired.⁴ Accordingly, the § 2244(f)(4) limitations period is not applicable here.

---

³ The undersigned notes that pre-sentence investigation reports are not provided to or accessed by jurors.

⁴ *See e.g. United States v. Cook*, 2014 WL 3700341, at *3 (N.D. Fla. July 25, 2014)(internal docket citations omitted)("Defendant claims that his second ground for relief is timely under 28 U.S.C. § 2255(f)(4) because he did not discover the dates of the conviction used to enhance his sentence until he began researching his claim under *Sarmientos*. As an initial matter, Defendant's assertion is not credible, because information concerning the prior conviction would have been contained in Defendant's Presentence Investigation Report, which he reviewed with counsel before sentencing in 2005. Even if this were not the case, an extension of the one year time limitation under 2255(f)(4) requires that Defendant have exercised due diligence in discovering the facts supporting his claim. Defendant's assertion that he did not learn of the date of his 1999 conviction until he requested and received documents in 2014 does not establish an exercise of due diligence."); *See also Smith v. United States*, 2012 WL 692121, at *3 (S.D. Ga. Jan. 23, 2012), *report and recommendation adopted*, 2012 WL 688414 (S.D. Ga. Mar. 2, 2012)("…Petitioner's pre-sentence investigation report—which as the name suggests, was available to her prior to sentencing—indicates that weapons were found in the home she shared with a co-defendant. (*Id.* at 3.) Thus, 'there is every reason to believe that prompt action' on Petitioner's part to examine her pre-sentence investigation report prior to sentencing could have produced the factual basis for the instant claim, and her delay in discovering an enhancement premised on information found in the report demonstrates a lack of due diligence. *See Johnson [v. United States,* 544 U .S. 295, 311 (2005)]; *see also United States v. Goodrum,* 584 F.Supp.2d 1026, 1031 (N.D.Ohio 2008) (finding that petitioner who did not discover alteration to his pre-sentence investigation report more than four years after it had been altered failed to

7

As Petitioner's § 2255 motion is untimely, and he has not met his burdens with regard to equitable tolling, and has made no argument in favor of the actual innocence exception. The undersigned **RECOMMENDS** that his motion pursuant to 28 U.S.C. § 2255 be **DISMISSED** as time barred.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

---

demonstrate due diligence). Thus, § 2255(f)(4) does not provide grounds for extending the deadline for filing Petitioner's § 2255 motion. Indeed, even if § 2255(f)(4) applied, it would not help Petitioner because the facts giving rise to the instant claim were discoverable *before* Petitioner was even sentenced on May 4, 2010.").

484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the

appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned recommends the Court certify that any appeal by Petitioner in this action would be without merit and

therefore not taken in good faith and, accordingly, find that Petitioner is not entitled to appeal *in forma pauperis*.

## CONCLUSION

For the reasons set forth herein above, it is **RECOMMENDED** that Petitioner's § 2255 petition be **DISMISSED** as time-barred. The undersigned further **RECOMMENDS** that Petitioner be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12th** day of **December 2017**.

        */s/ Katherine P. Nelson*
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**