IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL NO. 07-0281-CG-N |
| | ) | CIVIL NO. 17-0391-CG-N |
| RICHARD BROOKS NELSON, | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on Defendant, Richard Nelson's untitled handwritten letter to this Court, which has been construed as a Motion to Reconsider the undersigned's previous order denying Nelson's Motion to Vacate pursuant to § 2255. (Doc. 136). For the reasons set forth herein below, Nelson's Motion (Doc. 136) is DENIED.

## BACKGROUND

Following a jury trial held July 14-15, 2008, Nelson was found guilty of enticement of a minor to engage in sexual activity and commission of a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. §§ 2422(b) and 2260A. On October 24, 2008, Nelson was sentenced to 525 months in the custody of the Bureau of Prisons. (Doc. 84). The same day, Nelson filed a Notice of Appeal (Doc. 79) and on July 13, 2009, the Court of Appeals for the Eleventh Circuit affirmed his convictions. (Doc. 107). On October 15, 2009, the

United States Supreme Court denied certiorari. (Doc. 108).

On July 1, 2013, Nelson filed a "motion for leave to file out of time," which the district court denied via an endorsed order. (Docs. 114-115). Nelson appealed the order denying his motion and on March 5, 2014 the Court of Appeals concluded that Nelson's appeal was frivolous, explaining:

> In 201[3], Nelson filed the motion at issue in this appeal. In this self-styled "motion for leave to file out of time," Nelson asked the district court for leave to file out of time, on the grounds that he had only recently learned how to use computers to conduct legal research and had limited computer time. He did not state what sort of motion or other filing he sought to untimely file, but, based on the nature of the issues that he indicated he wished to raise -- ineffective assistance of counsel, pretrial publicity, and conflict of interest --he apparently intended to file an untimely 28 U.S.C. § 2255 motion to vacate. He also asked the court to issue subpoenas for the press coverage of his criminal trial from two local news sources. In an endorsed order, the court denied his self-styled motion. The district court also denied his motion to proceed IFP on appeal.
> As an initial matter, Nelson has not filed a motion to vacate, pursuant to § 2255, and does not need a certificate of appealability to proceed on appeal. *See* 28 U.S.C. § 2253(c). Thus, the only issue before us is whether his appeal would be frivolous. *See id.* § 1915(e)(2)(8)(1). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).
> Although Nelson admits that any post-conviction motion he might file would be untimely, the district court properly denied his request to untimely file a motion challenging his convictions because he does not need the district court's permission to file a motion to vacate, untimely or otherwise.

(Doc. 125 at 2). In August 2017, nearly seven years after his conviction became final, Nelson filed his first motion pursuant to § 2255. (Doc. 130).[1]

---

[1] For the sake of judicial economy, the above stated background was restated from this Court's previous Report and Recommendation. (Doc. 133).

On October 2, 2017, United States Magistrate Judge Katherine Nelson entered an Order directing Nelson to show cause why his § 2255 motion was not time-barred. (Doc. 131). Nelson responded to the show cause order on October 25, 2017, and requested that this Court "have leniency due to lack of knowledge regarding legal information, terminology, cites, statutes, limitations, and research abilities…" and indicated that he had only reviewed the presentence report in its entirety a few months prior to the filing of his § 2255 motion and that he had difficulty researching and getting help with his motion while incarcerated. (Doc. 132 at 2, 4-6). On December 12, 2107, Magistrate Judge Nelson entered a Report and Recommendation recommending that Nelson's petition be dismissed as time-barred (Doc. 133) and on January 9, 2018, the Report and Recommendation was adopted as the opinion of this Court (Doc. 134). The Order additionally denied Nelson a certificate of appealability, as he was not entitled to appeal *in forma pauperis*. (*Id*.)

On August 16, 2018, Nelson filed the instant untitled, handwritten letter, which this Court has construed as a Motion to Reconsider and/or Re-open his § 2255 pursuant to Fed. R. Civ. Pro. 60(b). (Doc. 136). Therein, Nelson takes issue with this Court's finding that he failed to state or address why his motion was not time-barred and for support, he points out that his previous filings did, in fact, state why his motion was untimely, but should not be time-barred. (Doc. 136, generally). Nelson then requests this Court review the pleadings previously filed in this action and re-open his case. In the alternative, Nelson requests permission to file a second

3

or successive § 2255 motion "which includes the same issues as contained within the first motion, which were undoubtedly overlooked or ignored by [the] District Court." (*Id*. at 7).

**DISCUSSION**

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. Rule 60(b). However, there are limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. The Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

As a result, before considering the merits of Petitioner's motion, this Court must determine whether it has jurisdiction, i.e., whether Nelson's Rule 60(b) motion is truly a second or successive § 2255 petition. "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293–94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L.Ed. 2d 480 (2005)). By contrast, the Rule 60(b) motion is not to be regarded as a

4

successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).

In his motion before this Court, Nelson asserts that his § 2255 petition should be re-opened because this Court incorrectly determined that his motion was time-barred. (Doc. 136, generally). Because Nelson is attacking this Court's dismissal of his § 2255 based on it being time-barred and not on the merits, this Court has jurisdiction to consider it.

Reconsideration under Federal Rule of Civil Procedure 60(b) is permitted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
> 
> (4) the judgment is void;
> 
> (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Nelson does not specify under which theory of Rule 60(b) his case should be re-opened except to state that this Court incorrectly determined that his motion was timed barred. Instead, he argues only that his initial motion was not time-barred for the reasons stated in the pleadings that were filed prior to this Court's denial of his Motion to Vacate pursuant to § 2255. Nelson also again asserts

5

that his trial counsel was ineffective and that he was prejudiced by local news coverage prior to and during trial. (Doc. 136 at 2-5).

There is no indication that Nelson's case should be re-opened pursuant to Rule 60(b)(2) – (5). Therefore, this Court will address whether Nelson's motion should be re-opened pursuant to either Rule 60(b)(1) or (b)(6). "Relief is available under Rule 60(b)(1) [of the Federal Rules of Civil Procedure] for mistakes of law or its application." *Johnson v. Law Offices of Marshall C. Watson, PA*, 348 Fed. Appx. 447, 448 (11th Cir. 2009) (citing *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982)). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Prods., Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). It may not be used to bring new arguments or to submit evidence which was previously available but not properly presented. *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Finally, "'a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.'" *King v. Farris*, 357 Fed. Appx. 223, 225 (11th Cir. 2009) (quoting *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007)).

Nelson has not established that his action was improperly dismissed due to mistake pursuant to Rule 60(b)(1). Although Nelson argues that his reasons for filing his motion almost seven years after his conviction became final were sufficient enough to overcome his motion being dismissed as time-barred, the record is clear that this Court considered all of Nelson's pleadings, analyzed the reasons that Nelson presented for his late filing, and explained why Nelson's reasons were insufficient: namely, Nelson was not diligent in seeking a copy of his presentence report prior to the one-year statute of limitations deadline and the reasons for his delay in filing provided by Nelson were insufficient to justify equitable tolling. (*See* Doc. 133). Nelson's current request to re-open likewise fails to provide any sufficient basis for his § 2255 motion being untimely and Nelson has not presented any evidence that his case should be re-opened due to a change in law, new evidence, or in order to correct clear error. As a result, his case should not be re-opened pursuant to Rule 60(b)(1).

To the extent that Nelson seeks to re-open his case pursuant to Rule 60(b)(6), his request is also due to be denied. A movant seeking relief pursuant to Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649. Nelson has not shown any extraordinary circumstances which would warrant a re-opening of his case. In fact, his current motion offers no new or novel reason for re-opening his case. Instead, Nelson only asserts that the Court must not have adequately reviewed his prior pleadings and then, requests this Court again review all of the previously-reviewed

7

pleadings and reach an opposite conclusion. The record, however, is clear that this Court previously considered all of the pleadings and facts presented therein by Nelson and Nelson has provided no extraordinary circumstances which would warrant this Court repeating its previous analysis. As such, Nelson is not entitled to relief pursuant to Rule 60(b)(6).

Nelson's alternative request for permission to file a second or successive petition is also denied because this Court is not the proper court to rule on such a request. "The AEDPA provides that, to file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate *court of appeals* for an order authorizing the district court to consider it." *See* 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Further, to the extent that Nelson is seeking a Certificate of Appealability to appeal this ruling, or may wish to appeal *in forma pauperis*, those requests are both denied on the grounds that any appeal would be frivolous. *See generally Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) ("It is still the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from judgment in a ... § 2255 proceeding.") (citations omitted). "In cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims, such as this one, a petitioner will be granted a certificate of appealability 'only if [he] makes both a substantial

showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong,'" *Jackson*, 437 F.3d at 1295, quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004), *accord Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603–04, 146 L.Ed.2d 542 (2000) (emphasis added). These two "substantial showings," both procedural and substantive, mean that it must be "debatable among reasonable jurists" both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong. *Jackson,* 437 F.3d at 1295, quoting *Gonzalez*, 366 F.3d at 1268 (11th Cir. 2004). Because Nelson has not shown that this Courts' decision was wrong, any appeal would be frivolous.

## CONCLUSION

For the reasons stated hereinabove, Nelson's Motion to Reopen (Doc. 136) is hereby **DENIED**. Further, to the extent that it is requested, Nelson's request for a Certificate of Appealability or to appeal *in forma pauperis* is **DENIED**.

**DONE and ORDERED** this 9th day of January, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE