AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 07-281-CG-N |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RICHARD BROOKS NELSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

    If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

This is Nelson's second request for relief based on the Covid-19 pandemic and his underlying medical conditions.  However, with this second motion, Nelson has not submitted any documentation showing he has made a second request to the warden for release.  As a result, it does not appear that Nelson has exhausted his administrative remedies such that his current motion is properly before this Court.

Nevertheless, assuming Nelson's motion is properly before the Court, his second request is due to be denied for the same reasons explained in the order denying his first motion.  More specifically, although Nelson's medical conditions when considered in conjunction with the Covid-19 pandemic may make him eligible for compassionate release, a consideration of the relevant §3553(a) factors supports denial of Nelson's release.  As this Court previously stated, "At the time of Nelson's sentencing, his crimes warranted asentence of 525 months' imprisonment.  The same remains true today. Specifically, Nelson's criminal history

demonstrates a pattern of disregard for the law and a history of sexual violane against children. As such, his crimes support a finding that he is a danger to the community." (Doc. 162). Again, the Court has considered Nelson's criminal history, the crimes underlying his current incarceration, the length of time he has been incarcerated, and his post-incarceration conduct and finds that the same sentence remains warranted today. Although the Court commends Nelson's efforts to better himself while incarcerated, the Court finds that early release would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public.

    Finally, the Court notes that Nelson's current motion raises a plethora of complaints with regard to his guilty plea, conviction, and sentence, without specifically identifying any request for alternative relief or the grounds on which such relief is or may be sought. Accordingly, to the extent that Nelson's motion seeks relief based on grounds other than his underlying medical conditions in light of the Covid-19 pandemic pursuant to 18 U.S.C. 3582(c), Nelson is instructed to file a separate motion clearly identifying his requested relief and grounds supporting the same.

    ☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

May 7, 2021                                               /s/ Callie V. S. Granade
                                                                       SENIOR UNITED STATES DISTRICT JUDGE