## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 07-0281-CG-N** |
| | ) | |
| | ) | |
| **RICHARD BROOKS NELSON,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant, Richard Nelson's ("Nelson") untitled handwritten motion to this Court, seeking a reduction in sentence. (Doc. 181). For the reasons set forth herein below, Nelson's Motion (Doc. 181) is **DENIED**.

## BACKGROUND

Following a jury trial held July 14-15, 2008, Nelson was found guilty of enticement of a minor to engage in sexual activity and commission of a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. §§ 2422(b) and 2260A. On October 24, 2008, Nelson was sentenced to 525 months in the custody of the Bureau of Prisons. (Doc. 84). The same day, Nelson filed a Notice of Appeal (Doc. 79) and on July 13, 2009, the Court of Appeals for the Eleventh Circuit affirmed his convictions. (Doc. 107). On October 15, 2009, the United States Supreme Court denied certiorari. (Doc. 108).

Relevant to the instant motion, Nelson has filed two motions for compassionate release prior to filing the instant motion. (Docs. 152 and 174). Both motions were denied. (Docs. 163 and 176). However, in this Court's most recent denial, it noted "that Nelson's current motion raises a plethora of complaints with regard to his guilty plea, conviction, and sentence, without specifically identifying any request for alternative relief or the grounds on which such relief is or may be sought. Accordingly, to the extent that Nelson's motion seeks relief based on grounds other than his underlying medical conditions in light of the Covid-19 pandemic pursuant to 18 U.S.C. 3582(c), Nelson is instructed to file a separate motion clearly identifying his requested relief and grounds supporting the same." (Doc. 176 at 4; PageID.1547). The instant motion followed.

## DISCUSSION

Nelson seeks a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b). (Doc. 181). For support, Nelson relies on his completion of numerous programs while incarcerated, his "low" Male Pattern Risk Scoring, and his contention that the punishment he received is substantially greater than the punishment in numerous other cases, where defendants were sentenced for the commission of similar crimes. (Doc. 181). Nelson also asserts that he poses no danger to society, has family with whom he can live post incarceration, and can gain employment once he is released. (*Id.*)

Rule 35 allows for the correction of a clear error in sentencing or a reduction of sentence upon the government's motion for substantial assistance. Fed. R. Crim.

P. Rule 35. Nelson has made no argument that there is a clear error in his sentence warranting a reduction pursuant to Rule 35(a) and the government has made no motion to reduce his sentence pursuant to Rule 35(b).  Accordingly, Rule 35 does not permit this Court the authority to grant the relief Nelson seeks. Further, Nelson does not raise or otherwise argue that this Court has the authority to reduce his sentence on any other grounds.  District courts cannot reduce a sentence once it has been imposed except under limited exceptions, none of which arguably apply in Nelson's case. *See* 18 U.S.C. § 3582(c).   Nelson has not moved for a sentence reduction under §3582(c)(1) or submitted facts which would support such a motion. Likewise, Nelson has made no argument that amendments to the Sentencing Guidelines would lower his guidelines range pursuant to § 3582(c)(2).  Finally, as stated herein above, this Court cannot reduce Nelson's sentence pursuant to Rule 35(b).

To the extent Nelson's motion should be construed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, this Court lacks jurisdiction to consider the same as a second or successive § 2255 motion because Nelson has previously filed a § 2255 motion and has since, not obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. "The AEDPA provides that, to file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate *court of appeals* for an order authorizing the district court to consider it." *See* 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Without authorization, the district court lacks jurisdiction to

consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

## CONCLUSION

For the reasons stated hereinabove, Nelson's Motion (Doc. 181) is hereby **DENIED**. Further, to the extent that Nelson's motion is construed as a §2255 motion, it is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** this 30th day of May, 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

4